Guillermina S. MOSSMAN, Plaintiff,

and

Richard M. Rogers, Esq. of Mayo &
Rogers, Attorney at Law, Appellant,

v.

ROADWAY EXPRESS, INC.,
Defendant-Appellee.

No. 85–2138.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1986.

Decided May 15, 1986.

As Amended June 24, 1986.

---

* Hon. William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

Richard M. Rogers, Mayo & Rogers, San Francisco, Cal., for appellant.

Wendy L. Tice-Wallner, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendant-appellee.

Before GOODWIN, NORRIS and BRUNETTI, Circuit Judges.

GOODWIN, Circuit Judge:

Richard M. Rogers appeals sanctions imposed on him pursuant to Fed.R.Civ.P. 11 because his motion for summary judgment was not well grounded in fact. We affirm the imposition of sanctions but remand for the trial court to reconsider the amount awarded.

The court sanctioned Rogers while he represented Guillermina Mossman in a race and sex discrimination suit against her former employer, Roadway Express (Roadway). Roadway answered the complaint denying all allegations and asserting thirty-seven separate affirmative defenses. Two weeks later, Rogers served Roadway with interrogatories and requests for admissions requesting that it retract all of its affirmative defenses. Roadway refused to respond on a variety of grounds including that the interrogatories were vague, ambiguous, overbroad, or called for conclusions of law.

Three months later, Rogers made a motion for partial summary judgment. Roadway then sent two letters to him seeking to resolve the discovery dispute and objecting that the motion was premature.

Roadway then filed its memorandum of points and authorities in opposition to the motion for summary judgment and made a cross-motion for sanctions pursuant to Fed.R.Civ.P. 11. At the hearing, the court de-

termined that plaintiff's summary judgment motion was "poorly thought out," unsupported by facts and the required documentation, premature, and an inappropriate use of Rule 56 to delineate issues. The court found further that plaintiff's discovery requests were not properly framed, were "wholly improper" and that Rogers demonstrated a lack of understanding of the rules of federal procedure. But the court also stated that the number of Roadway's affirmative defenses was "extraordinary" and that "everything that the company dreamed of ..." was included as a defense.

The court then denied Rogers' motion for summary judgment and struck his requests for admissions without prejudice to plaintiff to file and serve acceptable requests in the future. The court imposed sanctions totalling $5,500 to compensate Roadway for attorney's fees incurred responding to Rogers' improper motion.

 A district court may impose sanctions when a motion is not well grounded in fact. We review the factual basis for these sanctions under the clearly erroneous standard. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986). Fed.R.Civ.P. 11 states in pertinent part:

> The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief *formed after reasonable inquiry* it is *well grounded in fact* .... [If a motion] is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party ... a reasonable attorney's fee. [emphasis added.]

As the moving party, Rogers had the burden of establishing that there was no genuine issue of material fact. *SEC v. Murphy,* 626 F.2d 633, 640 (9th Cir.1980). He was required to present specific facts supported by affidavits which, if uncontradicted, would entitle him to a directed verdict at trial. *British Airways Board v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir. 1978), *cert. den.,* 440 U.S. 981, 99 S.Ct.

1790, 60 L.Ed.2d 241 *reh'g den.,* 441 U.S. 968, 99 S.Ct. 2420, 60 L.Ed.2d 1074 (1979); Fed.R.Civ.P. 56(e). Rogers provided no affidavits of facts in support of his motion. Therefore, the trial court was justified in finding that the motion was not "well grounded in fact" and merited sanctions.

 We review the amount of sanctions imposed by the trial court under Rule 11 for an abuse of discretion. *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1384 (9th Cir.1984). The district court found that $5,500 was the cost incurred by Roadway due to the improper requests for admission and motion for summary judgment. The court, however, did not indicate what portion, if any, of those attorney's fees may have been causally related to the astonishing number of affirmative defenses pleaded by Roadway. Nor did the court apparently consider which, if any, of Roadway's 37 affirmative defenses were duplicative or not well-grounded in fact or law. We believe Rule 11 sanctions are not appropriately awarded for any portions of attorney's fees provoked by a moving attorney's misconduct. In the absence of a record considering Roadway's conduct, we remand the case to the district court for a determination of whether Roadway engaged in any misconduct and, if necessary, a reconsideration of the amount of fees awarded in light of any such misconduct. Neither party is to recover costs in this appeal.